STATE OF CONNECTICUT *v.* RICHARD KEELER

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, JS.

Argued October 4—decided November 1, 1972

*Ralph J. Lockwood,* for the appellant (defendant).

*Arlen D. Nickowitz,* assistant state's attorney, with whom, on the brief, was *Richard F. Jacobson,* assistant state's attorney, for the appellee (state).

PER CURIAM. On a trial to a jury the defendant was found guilty of the crime of robbery with violence. Of his seven assignments of error only three were briefed. The assignments of error not briefed are treated as abandoned. *State* v. *Grayton,* 163 Conn. 104, 109, 302 A.2d 246; *State* v. *Benson,* 153 Conn. 209, 217, 214 A.2d 903.

The first of the remaining three assignments of error relates to the court's instruction to the jury in response to an inquiry as to identification of the defendant by two of the victims of the robbery. The second and third briefed claims of error assert that it was an abuse of the court's discretion to accept the verdict of the jury, which was returned within ten minutes after the court had instructed the jury in accordance with the traditional "Chip Smith" charge, first approved by this court in *State* v. *Smith,* 49 Conn. 376, 386.

The short answer to these claims of error is that they were not raised in the trial court. No objection or exception was taken to the court's charge, response to the jury's inquiry or acceptance of the verdict. It is impermissible for a defendant, whether from mistake of law, inattention or design to fail to object to matters occurring during a trial until it is too late for them to be corrected or even considered and then, if the outcome proves unsatisfactory, to raise them for the first time on appeal. *State* v. *Lombardo,* 163 Conn. 241, 245–46, 304 A.2d 36; *State* v. *Van Valkenburg,* 160 Conn. 171, 174, 276

A.2d 888; *State* v. *Taylor,* 153 Conn. 72, 86, 214 A.2d 362, cert. denied, 384 U.S. 921, 86 S. Ct. 1372, 16 L. Ed. 2d 442.

Only the defendant's assertion that the acceptance of the verdict following the supplemental charge was violative of his constitutional right to due process of law and hence within the exception noted in *State* v. *Van Valkenburg,* supra, has prompted us to consider this assignment of error despite his failure to raise the question in the trial court. We find the assertion is without merit. The giving of this supplemental charge in both civil and criminal cases after a jury has reported an inability to agree has been approved time and again, most recently in *Tough* v. *Ives,* 162 Conn. 274, 278–80, 294 A.2d 67; see also *Allen* v. *United States,* 164 U.S. 492, 501–2, 17 S. Ct. 154, 41 L. Ed. 528; *State* v. *Walters,* 145 Conn. 60, 63, 64, 138 A.2d 786, cert. denied, 358 U.S. 46, 79 S. Ct. 70, 3 L. Ed. 2d 45; *State* v. *Schleifer,* 102 Conn. 708, 725, 130 A. 184. That the jury returned a verdict shortly after hearing the supplemental charge is no indication of error. See *State* v. *Wyman,* 118 Conn. 501, 507, 173 A. 155; *State* v. *Mosca,* 90 Conn. 381, 385–86, 97 A. 340.

We find no abuse of discretion in the court's acceptance of the verdict.

There is no error.