STATE OF CONNECTICUT *v.* WILLIAM FERRARO

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 11—decided November 22, 1972

*Michael J. Daly III* and *Joseph Protter,* for the appellant (defendant).

*Francis M. McDonald,* state's attorney, for the appellee (state).

HOUSE, C. J. The defendant has appealed to this court from his conviction by a jury of the crime of selling heroin in violation of § 19-480 (a) . of the General Statutes. In his appeal he filed sixteen assignments of error. One of these has been expressly abandoned and another—that the court

erred in denying his motion to set aside the verdict —is treated as abandoned since it was not briefed. *State* v. *Keeler,* 164 Conn. 42, 43, 316 A.2d 782; *State* v. *Grayton,* 163 Conn. 104, 109, 302 A.2d 246; *State* v. *Kohlfuss,* 152 Conn. 625, 635, 211 A.2d 143.

We turn first to the defendant's extensive attack on the finding. "A finding of the facts which the respective parties offered evidence to prove and claimed to have proved is superfluous in a case tried to the jury unless error is claimed in the charge. *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 277, 197 A.2d 73; *Lucas* v. *South Norwalk Trust Co.,* 121 Conn. 201, 203, 184 A. 157." *State* v. *Savage,* 161 Conn. 445, 446, 290 A.2d 221. The defendant took no exception to the charge, and the record does not disclose that he filed any requests to charge which were not granted. "Here, the finding was unnecessary except for its application to errors assigned by the defendant to rulings on evidence. *State* v. *Holmes,* 160 Conn. 140, 149, 274 A.2d 153. The attack on the finding was not directed to or relevant to these rulings. His assignment of errors as to the finding, therefore, need not be considered." Ibid. While recognizing the applicability of this rule, the defendant has, nevertheless, pressed his claim for the addition of several paragraphs of his draft finding on the claim that the addition of these paragraphs would lessen the apparent strength of the state's case and thus perhaps obviate the application of the harmless-error rule. Since we find no error in the rulings of the trial court, the defendant's major premise is without foundation and this contention merits no further consideration.

The defendant's next group of assignments of error attacks several of the trial court's evidentiary rulings. Three of the claims need not be considered,

since no exception was taken at the trial. Practice Book §§ 226, 648. "This court will not review rulings on evidence where no exception was taken as required by the rule. . . . During the course of a trial, objections to rulings on evidence are numerous, and often indiscriminately made and summarily disposed of. An exception, being a protest against a ruling of the court, makes clear that the party unfavorably affected by a ruling is not satisfied and does not acquiesce therein. Thus, the trial court is notified of those rulings which are relied on as grounds for appeal and is given an opportunity for second thought and possible correction at that time or at a later stage in the trial. See *Zalewski* v. *Waterbury Mfg. Co.*, 89 Conn. 46, 49, 92 A. 682; . . . 1 Wigmore, Evidence (3d Ed.) § 20. We, therefore, view with disfavor the failure of counsel to except properly, whether because of a mistake of law, inattention or design, and thereafter, if the outcome of the trial proves unsatisfactory, to assign such errors as grounds of appeal." *State* v. *Hawkins*, 162 Conn. 514, 517, 294 A.2d 584.

Exceptions were taken to several other rulings, but no specific grounds for the objections and exceptions were stated. Not only does this practice contravene § 226 of the Practice Book,[1] which is designed to apprise the trial court of the nature of the objection and to allow the court adequately to consider its merit but also the lack of a specific statement at the trial makes it impossible for this court to review the ruling on the objection in its

[1] "[Practice Book] Sec. 226. OBJECTIONS TO EVIDENCE Whenever an objection to the admission of evidence is made, counsel shall state the grounds upon which it is claimed or upon which objection is made, succinctly and in such form as he desires it to go upon the record."

full context. The result of the failure to state specifically the grounds relied on for the admission or exclusion of evidence is clearly apparent in the record on this appeal where the briefs of the parties frequently do not join issue on the purpose of several offers of and objections to the admission of evidence. Thus, for example, we find evidence briefed by the defendant as inadmissible on the ground that it was irrelevant to prove guilt while the state briefs a claim that it was admissible and relevant for impeachment purposes. Both claims, obviously, could be correct. Unless the context of an objection or a claim is unusually clear, the mere words "irrelevant" or "it's for credibility" will not sufficiently define an issue for the purposes of appeal. "If a defendant in such a situation wishes to except to a ruling excluding evidence which was objected to only generally, he must avail himself of the provisions of the rule and state his claim of admissibility. *Acampora* v. *Ledewitz*, 159 Conn. 377, 381, 269 A.2d 288; *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 612, 236 A.2d 466; *Casalo* v. *Claro*, 147 Conn. 625, 630, 165 A.2d 153." *State* v. *Hawkins*, supra, 515–16. In the absence of such a specific statement, a party on appeal could argue error in rulings on matters never presented to and considered by the trial court. "Only where the procedure set forth in Practice Book § 226 is followed will a ruling by a trial judge on the evidence be considered by us. Practice Book §§ 648, 652; *Skinner* v. *Skinner*, 154 Conn. 107, 110, 221 A.2d 848." *Ferreira* v. *Storms*, 159 Conn. 259, 264, 268 A.2d 657.

Two claims of error relating to evidentiary rulings require consideration. The first concerns a probation department record which the defendant at-

tempted to introduce in evidence. A police officer had testified that he knew nothing about the police record of a man who was with the defendant on the evening of the illegal sale. In an effort to impeach the credibility of the police officer, the defendant attempted to introduce records of the adult probation department which were in the custody of a probation officer. The defendant claimed that the probation department records would reveal the "bad narcotics record" of the companion and that the credibility of the police officer could "be impeached by the fact that he is a member of the same police department where all these arrests occurred, and it is incredible that he didn't know." In the absence of the jury, the state's objection to the introduction of the records was sustained; the court found that there was a "missing link" and ruled that the record was inadmissible to attack the officer's credibility in the absence of any evidence that the officer was aware of the existence of the records of the probation department. In the absence of such a foundation for admitting the evidence to impeach the officer's testimony, the evidence properly was excluded.

The other evidentiary ruling attacked concerns the admission of testimony of another of the defendant's companions who was present at the time of the arrest. On cross-examination, the witness testified that he was not familiar with the use of heroin. The state then elicited from the witness information concerning his "being found with a hypodermic needle in New York State." The witness later testified that the needle was a heroin user's needle. This was not a situation involving the introduction of extrinsic evidence of the commission of a crime for impeachment purposes, as in *Heating Acceptance Corporation* v. *Patterson,* 152 Conn.

467, 208 A.2d 341, but rather one in which the cross-examiner sought to impeach a witness through direct contradictions in his own testimony. "[I]t is proper to attack a witness' credibility by evidence of his materially inconsistent statements. *State* v. *Walters,* 145 Conn. 60, 66, 138 A.2d 786. . . . A trial court has wide discretion . . . as to the scope of cross-examination to show contradictory statements. *Steiber* v. *Bridgeport,* 145 Conn. 363, 366, 143 A.2d 434; *Eamiello* v. *Piscitelli,* 133 Conn. 360, 370, 51 A.2d 912; *State* v. *Kelly,* 77 Conn. 266, 269, 58 A. 705." *State* v. *Keating,* 151 Conn. 592, 597, 598, 200 A.2d 724, cert. denied, sub nom. *Joseph* v. *Connecticut,* 379 U.S. 963, 85 S. Ct. 654, 13 L. Ed. 2d 557. It does not appear that there was any abuse of such discretion in this instance.

The defendant also claims that the trial court erred in "permitting the unprovoked outburst"[2] of a witness for the state and at the close of the case charging the jury without reference to the outburst. These contentions are without merit, for the defendant did not request a cautionary remark from the bench or a charge concerning the incident, nor did he seek an exception to the charge as given. While the trial court might properly have commented on the incident suo motu, it was not error not to do so.

The defendant further contends that the trial court erred in permitting the state to attempt several lines of questioning designed to show the harm-

---

[2] The witness had served as an undercover agent for the police. During cross-examination, counsel started to read to the jury from an affidavit which he had given concerning the events surrounding the arrest of the defendant. When counsel reached the portion of the affidavit which disclosed the address at which the witness and his family lived the witness interrupted, saying: "Hold it. Your Honor, this is a court of law and I have risked my life for society, myself, and I can be crucified for it."

ful nature of heroin despite the fact that the defendant had already stipulated that heroin was a dangerous narcotic drug. Once again, however, the record reveals no rulings by the court that could have harmed the defendant. In fact, every objection which the defendant made to such questions was sustained. It is useless to assign as error that the trial court did not exclude evidence to which no objection was made.

The defendant's remaining assignment of error is that the court erred in permitting questions about a can of milk sugar which had not been offered in evidence. It suffices to note that the record discloses that the defendant's sole objection to the inquiry was sustained.

There is no error.

In this opinion the other judges concurred.