FREDERICK A. LATHROP ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF TRUMBULL ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 14, 1972—decided January 4, 1973

*Irwin J. Gordon,* for the appellants (plaintiffs).

*Bernard Green,* for the appellee (defendant Bozogan).

*Arthur D. Friedman,* for the appellee (named defendant).

LOISELLE, J. After a public hearing, the planning and zoning commission of the town of Trumbull, on May 18, 1967, amended the town zoning ordinance to change the classification of a forty-acre parcel of land located south of route 25 and Gisella Road in the town of Trumbull from residential zone A to commercial zone B–C. A shopping center is contemplated for this property, although the land could be developed, subject to the restrictions listed in the ordinance, for any purpose permissible in a commercial B–C zone.

The plaintiffs, abutters and residents located within a short distance of the reclassified tract, appealed

to the Court of Common Pleas. The trial court received evidence and made a limited finding on the issues of aggrievement, reconstruction of the record occasioned by the loss of exhibits and the plaintiffs' claim of defective notice. The court, although it found that the plaintiffs were aggrieved, dismissed the appeal. From the judgment dismissing their appeal the plaintiffs have brought this appeal.

The court made a limited finding addressed to the three issues on which evidence had been presented. The plaintiffs attack the finding and claim that the court erred in refusing to find material facts which they assert were admitted or undisputed as set forth in nine paragraphs of their draft finding. To secure an addition on this ground it is necessary for the appellants in their brief to point to some part of the appendix, the pleadings or an exhibit properly before us, limited to the three issues to be determined, which discloses that the appellees admitted that the fact in question was true or that its validity was conceded to be undisputed. *Gary Excavating, Inc.* v. *North Haven,* 164 Conn. 119, 318 A.2d 84; *Walsh* v. *Turlick,* 164 Conn. 75, 316 A.2d 759; *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619; Maltbie, Conn. App. Proc. § 158. No appendix was printed to substantiate the plaintiffs' claim as required by Practice Book § 717. The appellants' failure properly to support their claim for additions to the finding leaves this court with no alternative but to conclude that no additions to the limited finding are warranted.

The plaintiffs further attack twenty-two paragraphs of the finding, contending that these findings were made without evidence. Ten paragraphs of the limited finding were not supported by the appendix to the defendants' brief and contain matters not

relevant to the three issues on which evidence was taken. These findings must be stricken. Those facts, supported by the commission's record, were available, however, to be considered by the court in formulating its ultimate conclusions regarding the attack made by the plaintiffs on the decision of the commission.

The remaining paragraphs attacked by the plaintiffs relate to the reconstruction of missing exhibits. When the record of the commission's hearing was returned to the court it was found that exhibits A through I, as listed in the return of the record, had not been filed with the court. A diligent search failed to reveal the whereabouts of these exhibits which apparently were either lost or misplaced without indication of fault on the part of the parties. Copies claimed to be substantially identical with the exhibits were offered in evidence by the defendant commission. Detailing exhibits A–I in the finding, the court found that each exhibit offered by the defendants was identical or substantially the same as the original exhibit before the commission. The court in summarizing these findings found that "[e]xhibits A–G and I were substantially the same exhibits admitted before the commission and differ only in minor and not relevant respects where such variances were shown." These findings are clearly supported by the evidence printed in the appendix to the defendants' brief and will not be disturbed.

Upon the foregoing facts the court concluded that exhibits A–G and I could be a part of the record of the commission in substitution for the exhibits identified by the same letters which were lost or misplaced. This conclusion is amply supported by the finding and the substituted exhibits were sufficiently credible to be made a part of the record, unless the

court erred in concluding that General Statutes § 8-8 permitted such a reconstruction of lost exhibits.

The plaintiffs objected to the admission of evidence to reconstruct the exhibits which were lost or misplaced, asserting that, without the original or certified copies of the exhibits placed in evidence before the commission at its hearing, the court had no record to review and, therefore, the action of the commission was voidable and the appeal should have been sustained. It is the position of the plaintiffs that the amendment to General Statutes § 8-8 in 1963, after the decision of *London* v. *Zoning Board of Appeals,* 150 Conn. 411, 190 A.2d 486, allowed the reconstruction of a transcript if one was lacking or incomplete but that the amendment did not allow the substitution of exhibits in the event they were lost, misplaced or destroyed.

The *London* case interpreted § 8-8 in its 1959 form, Public Acts 1959, No. 460. Section 8-8 has had a complex statutory history which must be analyzed to determine the validity of the plaintiffs' interpretation of the statute. Prior to 1955, the court, in the proper exercise of its discretion, could hear evidence when the record failed to present the hearing in sufficient scope to determine the merits of the appeal or when some extraordinary reason required it.

The record of the board has been defined as "the original or a certified copy of the petition or application . . . its minutes of the proceedings . . . and of its executive action taken thereon, a transcript of the proceedings if a . . . record was made, all exhibits considered by it, and . . . a copy of the relevant and material zoning regulations." *Cohen* v. *Board of Appeals on Zoning,* 139 Conn. 450, 453–54, 94 A.2d 793.

In 1955 the statute was amended[1] to provide each party with the right to introduce evidence on the appeal if the record did not contain a stenographic report or complete mechanical recording of the entire proceedings. General Statutes § 8-8.

This court had occasion in 1957 in *Schultz* v. *Zoning Board of Appeals,* 144 Conn. 332, 130 A.2d 789, to interpret the 1955 statute. In that case the record was deficient in that it did not contain a copy of the application and the court held that "this lack . . . had to be cured by the court's taking evidence, as is permitted by the statute." *Schultz* v. *Zoning Board of Appeals,* supra, 334.

The 1959 version of § 8-8 interpreted in the *London* case, supra, was revised in 1963 by Public Act No. 45 and now contains language permitting the introduction of evidence "if the record does not contain a complete transcript of the entire proceedings before said board, including all evidence presented to it, pursuant to section 8-7a." Section 8-8 as it existed in 1955, and again since 1963, was designed to permit evidence to be admitted when a complete representation of the proceedings before the board was not available. Thus, this court allowed an application to be reconstructed by the introduction of evidence under the 1955 act and the 1963 version of § 8-8 similarly allows evidence to be taken if the record does not contain a complete transcript of the proceedings. The legislature intended the proceed-

---

[1] "[Cum. Sup. 1955] Sec. 379d [subsequently appearing as § 8-8 of the General Statutes]. APPEALS FROM BOARD TO COURT. . . . The court, upon such appeal, shall review the proceedings of said board and shall allow any party to such appeal to introduce evidence in addition to the contents of the record of the case returned by said board, if said record shall not contain a stenographic report or a complete mechanical recording of the entire proceedings before said board including all evidence presented to it."

ings to be available for review and the term "proceedings" is broad enough to include all portions of the record including exhibits. This intent is clear and provides authority for the very power exercised by the court in this case.

The plaintiffs assert that the hearing before the commission violated the fundamentals of natural justice in that a report of a traffic expert offered in evidence by the proponents of the zone change was accepted by the commission without reading it aloud to those at the hearing. A review of the transcript of the public hearing reveals that the offer of the traffic report was made during the presentation of evidence by the proponents. Thereafter, all those opposed to the claim were given an opportunity to speak and question counsel for the proponents and their witnesses. Further, there appears to be no mention of traffic or traffic problems other than the observation made by counsel at the time the report was received into evidence that the traffic expert was unable to attend. Nowhere in the transcript of the hearing is there a request by anyone that the traffic report be read or explained and no further mention is made of it. The plaintiffs were not prejudiced by the admission of the traffic report in evidence. They had an opportunity fully to apprise themselves of the facts on which the board was asked to act and there was a fair opportunity to cross-examine witnesses, to inspect documents presented and to offer evidence in explanation or rebuttal. *Wasicki* v. *Zoning Board,* 163 Conn. 166, 302 A.2d 276; see *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* 155 Conn. 350, 358, 232 A.2d 916; *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 293, 99 A.2d 149; *Wadell* v. *Board of Zoning Appeals,* 136 Conn. 1, 9, 68 A.2d 152.

The only evidence concerning traffic on route 25 and the estimated impact on this traffic from the proposed shopping center was the traffic report presented by the proponents of the change of zone. General Statutes § 8-2 provides, in part, that zoning regulations "shall be designed to lessen congestion in the streets." *Jarvis Acres, Inc.* v. *Zoning Commission,* 163 Conn. 41, 49, 301 A.2d 244. It is not the overall volume of daily or hourly traffic which is referred to in the statute but "congestion in the streets," that is, density of traffic. *Wilson* v. *Planning & Zoning Commission,* 162 Conn. 19, 23, 291 A.2d 230; *Pecora* v. *Zoning Commission,* 145 Conn. 435, 440, 144 A.2d 48. The report by the traffic expert supports the conclusion that, assuming the worst possible contingency, i. e., that all parking spaces necessary for the shopping center were vacated at one time, this volume, added to the present volume of route 25, would not total the "practical capacity of the street." The use by the plaintiffs of data and opinions drawn therefrom, in the records and briefs of another zoning case which was appealed to this court, is not a permissible method for attacking the conclusions of the traffic report submitted to the zoning authority.

The final claim of the plaintiffs is that the zone change violated the town's master plan and constituted spot zoning. In 1963 the commission, in its Development Plan, 1963, designated the greater portion of the subject tract as "open space/green belt" area. The commission, in its reasons for the zone change, recognized that the Development Plan, 1963, recommended the preservation of the basic residential character of the town, but that it also recommended the broadening of the tax base through encouragement of adequately controlled business de-

velopment within appropriate locations. The commission further found that "this location will expand an existing retail area at Long Hill Center," that no hazard would be created to public safety or welfare on abutting highways; that it would not detract from residential areas as green-belt buffers would be established; and, in addition to additional revenue, it will offer job opportunities and provide a regional shopping facility for that section of the town.

The fact that the change of zone was not in accordance with the Development Plan, 1963, is not controlling. The development plan is merely advisory. *Furtney* v. *Zoning Commission,* 159 Conn. 585, 598, 271 A.2d 319; *Sheridan* v. *Planning Board,* 159 Conn. 1, 9, 266 A.2d 396; *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 123, 127 A.2d 822. The facts before the commission supported fairly and reasonably its conclusions that a change would permit use of the land for a suitable and appropriate purpose and that such use was in keeping with the orderly development of the comprehensive plan for the zoning of the entire town. *Furtney* v. *Zoning Commission,* supra, 599.

The claim of spot zoning is without merit. The area reclassified embraced about forty acres and the reasons given for the change support the conclusion that the new zoning classification was in harmony with the comprehensive plan and for the good of the community as a whole. This satisfies the two-prong test in determining whether a change constitutes spot zoning. *Langer* v. *Planning & Zoning Commission,* 163 Conn. 453, 461, 313 A.2d 44; *Morningside Assn.* v. *Planning & Zoning Board,* 162 Conn. 154, 161, 292 A.2d 893; *Guerriero* v. *Galasso,* 144 Conn. 600, 607, 136 A.2d 497.

The plaintiffs' claim of defective notice has not been briefed and is considered abandoned. *State* v. *Ferraro,* 164 Conn. 103, 318 A.2d 80; *State* v. *Keeler,* 164 Conn. 42, 316 A.2d 782.

There is no error.

In this opinion the other judges concurred.