[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO COMPEL
Katz Seligman for plaintiff.
O'Brien, Tanski, Tanzer Young for defendant.
This is a medical malpractice action in which the plaintiff, Edwin J. Grodovich, seeks damages from the defendants, Immediate Medical Care Center, Inc. and Daniel Mussen, for Mussen's alleged failure to diagnose and treat injuries the plaintiff sustained after a sledge hammer fell on his hand. The plaintiff now moves to compel Mussen to disclose the matters he discussed with his insurance representative in the presence of his attorney, the defendants objecting to that motion on the basis of attorney-client privileges. The dispositive issue is whether the presence of a non-attorney third party insurance representative vitiates the attorney-client privilege and opens those conversations to the plaintiff's discovery.
The plaintiff claims that only confidential communications between attorney and client are privileged, and that statements made in the presence of non-attorney third parties are not privileged and are subject to discovery, citing State v. Colton, 174 Conn. 135, 138, (1977). The plaintiff argues that no privilege attaches to communications between an insured and an insurer, citing CT Page 7882Jacques v. Cassidy, 28 Conn. Sup. 212, 29 (Super.Ct. 1969); and, therefore, an insurer is a third party whose presence vitiates the attorney-client privilege.
The defendants, in support of their objection to the plaintiff's motion to compel, argue that the communication is privileged because: (1) the insurance company is also a client of the attorney; (2) the insurance company is acting as an agent of the insured assisting in the preparation of the defense; and (3) any communications made by the client in the presence of the insurance representative were reasonably intended to be confidential. The defendants further contend that the plaintiff's discovery request challenges the essence of the attorney-client relationship because it seeks to expose the defendants' strategy and appraisal of their legal position, rather than the events that gave rise to the plaintiff's claim. In State v. Gordon,197 Conn. 413, 423-24 (1985) our Supreme Court stated:
 The basic principles of attorney-client privilege are undisputed. Communications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice. . . . By contrast, statements made in the presence of a third party are usually not privileged because there is then no reasonable expectation of confidentiality. . . . The presence of certain third parties, however, who are agents or employees of an attorney or client, and who are necessary to the consultation, will not destroy the confidential nature of the communications.
(Citations omitted; internal quotation marks omitted. ) The hallmark of a privileged communication is that it must be disclosed by the client to the attorney with a `reasonable expectation of confidentiality.'" Carrier Corporation v.The Home Insurance Co., 6 Conn. L. Rptr. 478, 480 (June 12, 1992, Schaller, J.), quoting State v. Burak, 201 Conn. 517,526, 518 A.2d 639 (1986). In State v. Colton supra relied on by the plaintiff, the court concluded there was no expectation of a confidentiality.
In the present case, the expectation of privacy continues despite the presence of the insurance CT Page 7883 representative. The insurer has a direct economic interest in the disposition of the lawsuit and there is no divergence of interests between the insurer and the insured. The legal and economic interests of the defendants and the insurance company are so thoroughly intertwined, that the mere presence of the insurance agent does not cause the privilege to be waived, but the privilege continues to protect the confidentiality of the communications. Hartford Steam Boiler v. Stauffer ChemicalCo., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 701223 (November 4, 1991, Maloney, J.). Since the presence of the insurance agent was necessary, or at least convenient, for the consultation and there remained a reasonable expectation of confidentiality, we conclude that his assistance and presence at the conference between the defendant and his attorney did not vitiate the attorney-client privilege.
Objection to Motion to Compel disclosure is sustained.
Wagner, J.