[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Aetna Casualty Surety Co. has filed a motion seeking to resume a deposition of its insured, the plaintiff Carlynne Fisher, in order to ask her about certain conversations that took place at a meeting between herself and her counsel and another claimant and that claimant's counsel concerning the settlement of their claims against an alleged tortfeasor prior to the filing of this action to recover underinsured motorist benefits.
The plaintiff claims that these conversations were privileged and are not subject to discovery through examination of her at a deposition. The defendant claims that the conversation was not privileged because it took place in the presence of third parties, CT Page 8474 specifically, plaintiff's daughter, who was either a claimant or prospective claimant against the same alleged tortfeasor, and the daughter's legal counsel. Implicit in the defendant's argument is the further point that a negotiation session with another party is not privileged because the substance of the conversation is not the conveying of legal advice by the lawyer to his own client.
Communications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice. Statev. Gordon, 197 Conn. 413, 423 (1985); Doyle v. Reeves, 112 Conn. 521,523 (1931). The presence of third parties will destroy the confidential nature of the communication unless the third parties are either representatives or employees of the lawyer or client who are necessary to the consultation; State v. Gordon, 197 Conn. 424; or unless they are parties on the same side of the litigation meeting with a jointly-engaged attorney when the conversation relates to their participation in the event at issue. State v.Cascone, 195 Conn. 183, 197. Otherwise, statements made in the presence of third parties are usually not privileged because there is no reasonable expectation of confidentiality. State v. Colton,174 Conn. 135, 138-39 (1977).
In the situation presented, the insured and her daughter were not jointly consulting a single attorney. Rather, each had her own counsel. While the separately represented parties may have had reason to plan a strategy for their mutual advantage, the fact that they were separately represented indicates that the plaintiff's communications with those present were not for the sake of obtaining legal advice, which she would presumably have sought in private from her own counsel.
The attorney-client privilege does not apply to the situation presented, and the defendant is entitled to inquire into the conversations at issue to the extent that inquiry into them satisfies the requirement of § 218 Practice Book that the information relates to a claim or defense.
The motion to resume the deposition of the plaintiff is granted. The plaintiff shall attend on or before October 1, 1994, on such mutually agreed date as may be selected by counsel for the parties. The deposition shall be held after that date only if defense counsel so agrees.
Beverly J. Hodgson Judge of the Superior Court CT Page 8475