[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Liza Squires, brings this action against the defendant, Peter Beardsley, to recover for among other things, the defendant's alleged breach of a contract to establish a household with the plaintiff. In an amended seven count complaint filed on October 15, 1993, the plaintiff alleges that on November 1, 1991, the parties agreed to establish a residence. The parties allegedly agreed that the plaintiff would provide homemaking and housekeeping services for the defendant. The plaintiff alleges that the parties cohabitated from November 1, 1991 until June 24, 1992.
The plaintiff alleges that during the time that the parties cohabitated they acquired certain items of personal property through their mutual efforts, including a sailboat. The plaintiff further alleges that during this time, the defendant persuaded her not to accept lucrative employment opportunities outside of the home so that she could continue to maintain the household.
The plaintiff alleges that on June 15, 1992, the defendant rented a condominium on River Road in the Cos Cob section of Greenwich for the purpose of maintaining the household that he had established with the plaintiff. The plaintiff alleges that in reliance upon the defendant's representations, she moved her personal possessions into the condominium and purchased "various sundry items" for the household.
The plaintiff alleges that on June 24, 1992, the defendant suddenly abandoned the household and removed various items from the condominium. The plaintiff alleges that the defendant continued to pay the rent for the condominium until October 1992, and that after this date, the plaintiff was forced to assume all the expenses for the condominium.
In the first count of the amended complaint, the plaintiff seeks to impose a constructive trust on one half of the property acquired by the parties while they were maintaining the household. The plaintiff also seeks to hold the defendant responsible for one half of the expenses incurred while the parties were maintaining the household. In the second count, the plaintiff asserts a breach of contract claim. The third count of the amended complaint sounds in promissory estoppel. In the fourth count, the plaintiff asserts a claim for breach of the implied duty of good faith and fair dealing. In the fifth count, the plaintiff asserts a fraudulent misrepresentation claim. In the sixth count, the plaintiff alleges a claim for intentional infliction of emotional distress. In the CT Page 11422 seventh count, the plaintiff alleges that the defendant converted her sailboat to his own use and despite demand, failed to return the sailboat to the plaintiff.
On March 10, 1993, the defendant filed a motion (#102) to strike the plaintiff's entire complaint on the ground that it fails to state a legally sufficient cause of action, and on the additional ground that the alleged agreement between the parties is unenforceable because it violates public policy. "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, . . . or any one or more counts thereof, to state a claim upon which relief can be granted . . . the party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike admits all facts well-pleaded; Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); which are then construed in the light most favorable to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36,522 A.2d 1235 (1987). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied."Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,496, 605 A.2d 862 (1992). If the entire complaint is challenged and any part thereof is found to be legally sufficient, the motion to strike must be denied. Doyle v. A P Realty Corp.,36 Conn. Sup. 126, 127, 414 A.2d 204 (1980).
It is noted that in his memorandum of law, the defendant argues only that the alleged agreement between the parties is against public policy. The defendant relies on Boland v. Catalano,202 Conn. 333, 521 A.2d 142 (1987), to support his argument. InBoland, the court held that public policy does not prevent the enforcement of agreements regarding property rights betweenunmarried cohabitants. (Emphasis added.) Id., 342. The defendant argues that because he was married to another woman at the time that he cohabited with the plaintiff, the agreement in the present case was not between "unmarried" cohabitants, and, therefore, the holding in Boland would not apply to the present case. The defendant argues that it is contrary to the public policy of this state to condone a relationship which has the effect of destroying a marriage (i.e., the marriage between the defendant and his wife). The defendant further argues that the facts alleged in the complaint cannot give rise to claims of breach of contract, unjust enrichment or quantum meruit because the relationship between the parties was romantic in nature and the consideration provided by the plaintiff in exchange for the defendant's promise was of a CT Page 11423 sexual nature.
In response, the plaintiff argues that the defendant is making an improper "speaking" motion to strike because his argument in support of his motion to strike relies on facts not alleged in the pleadings. Specifically, the plaintiff argues that she does not allege in her complaint that either party was married during the time that they cohabited, or that their cohabitation was destroying the defendant's marriage. The plaintiff further argues that she does not allege that the parties' relationship was of a romantic or sexual nature.
A motion to strike which imports facts from outside the pleadings is an improper speaking motion to strike. ConnecticutState Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771
(1979). See also Tilo v. Fishman, 164 Conn. 212, 213, 319 A.2d 376
(1972). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Id.
The defendant in this case has filed an improper "speaking" motion to strike, as his public policy arguments are based on facts which were not alleged in the plaintiff's complaint. Accordingly, the defendant's motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of November, 1994.
WILLIAM BURKE LEWIS, JUDGE