[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS AND APPLICATION FOR RESTRAINING ORDER
Plaintiff brought this appeal from a decision of the Planning and Zoning Commission of the Town of Manchester (PZC) on July 26, 1999. It then made application for a temporary restraining order under C.G.S. sec; 8-8(2)(g) on August 26, 1999, claiming to be aggrieved.
In the appeal plaintiff asks that the action of the PZC in amending a Neighborhood Business Zone (Zone) be set aside; stayed until a decision on the appeal and that it be restrained from applying the amendment until further order of the court.
Defendant moves to dismiss because "the matter is not ripe for review, thereby depriving the court of subject matter jurisdiction."
 Facts Pled and Found
On or about July 7, 1999 the PZC amended its regulations to provide the Zone.
The Zone has not been applied to any specific property, but is ". . . a commercial district within or adjacent to residential neighborhoods."
Plaintiff is a general partnership owning property in the Town of Manchester known as 699 Middle Turnpike (Property) which is in or adjacent to a residential neighborhood.
The Property was originally zoned in 1951 as what is now a Business I zone, and is presently used for office use and has a state agency occupying a single building of approximately 25,000 square feet. Under that zoning, plaintiff could develop its property with additional office or commercial space of approximately 30,000 square feet. The Zone permits municipal offices but not state or federal offices and would prevent the plaintiff from constructing additional state or federal offices on the property. CT Page 2814
The Business I zone permits various uses of the Property including office use. It does not limit the size of any particular user, other than as required to meet the parking, coverage, floor area and yard requirements of the regulations. The Zone limits the size of any "store or establishment" on the property to 5,000 feet of gross floor area.
The Zone when applied to plaintiff's property will prevent the plaintiff from developing the rest of its property in accordance with the existing Business I zone. Plaintiff has substantial remaining acreage which may be affected by the zone.
The plaintiff claims: "If no stay is issued as to the enforcement of the ordinance the Town of Manchester will reclassify the plaintiff's property and include it in the new zone."
The court cannot find that the notice published by the Town of Manchester, advising that there would be a Public Hearing on this amendment to its ordinance creating the Zone, was inadequate or failed to provide the plaintiff with notice that its rights could be affected by the creation of the Zone.
The court can find no evidence in the record to support the conclusion that the defendant did not state any reasons for its decision; that it failed to give notice to plaintiff re testifying at the public hearing; that the vagueness of the ordinance, if any, affected plaintiff or that the Commission failed to consider any particular evidence.
 Law
"`Because courts are established to resolve actual controversies, before a claimed controversy is entitled to resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute: courts exist for the determination of actual and existing controversies, and under the law of this state the courts may not be used as a vehicle to obtain judicial opinions on points of law . . . . (2) that the interest of the parties be adverse . . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant.'" (Citations omitted) Hallas v.CT Page 2815Windsor, 212 Conn. 338, 347.
"In the absence of a justiciable controversy, the courts have no jurisdiction". Kleinman v. Marshall, 192 Conn. 479, 484. There can be no such controversy until the court finds that the present interests of the parties are adverse. This the court cannot find at this time because there is now nor will there be any harm to plaintiff until the Commission actually applies the Zone to the Property. It may never do that. In order to so apply the Zone there must be notice, a public hearing and a Commission decision. If that decision affects plaintiff it will then have an interest adverse to defendant. No formal zoning map has yet been adopted covering the property. The court cannot find that any action of the court will affect this situation because as of now the defendant is doing nothing to implement or "enforce" the Zone. Thus any stay which the court might impose would change nothing at this time.
The court also cannot find that its action will result in any practical relief for plaintiff.
As plaintiff said about the other neighbors this matter is not yet ripe for a final determination of a potential controversy.
This is not spot zoning which is defined as "a change of zone affecting only a small area and . . . this change must be out of harmony with the comprehensive plan for the good of the community as a whole." Langer v. Planning Zoning Commission,163 Conn. 453, 461. There is neither evidence nor claim, yet, that this change is out of harmony with the plan.
It also should be noted that the "Plan of Conservation and Development" issued by the Town on September 18, 1998 states the following: "In 1986 the Planning and Zoning Commission (PZC) adopted a Plan of Development, setting policy for Manchester's growth and development for the next ten years. In 1992 the PZC embarked on a major effort to update and revise that Plan. The planning department staff, supported by a planning consulting firm, worked with five subcommittees to develop plans and policies for housing, transportation, open space, the economy and community facilities in light of recent changes and expected trends affecting the community. This broad perspective looks at Manchester as a whole. . . .
This Plan of Conservation and Development comes out of an CT Page 2816 appreciation and awareness of what has happened in Manchester since the 1986 Plan of Development was adopted and takes into consideration major changes which have occurred and trends which will continue to influence Manchester's development over the next ten years. Comparing these changes and trends to our current issues and opportunities, we have developed a set of strategic directions. It is from these strategic directions that specific goals, objectives and actions are proposed for the town to pursue in this Plan. . . .
The goals and recommendations of the Plan and the decisions made by town government and administrative agencies over the next ten years should further the following principles. . . ." "The development plan is merely advisory." Lathrop v. Planning Zoning commission, 164 Conn. 215, 223. The "set of strategic directions" that the Plan puts forth are strategies and strategies are a plan for action. In contrast tactics are the implementation of that plan. Bismarck, On War.
The court is required to dismiss an action when it does not have subject matter jurisdiction and that is the situation here. Practice Book Sec; 10-31(1); 10-33.
Case is dismissed.
O'Neill, J.