[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON SHELL'S OBJECTIONS TO REQUESTS FOR PRODUCTION AND INTERROGATORIES AND RULING ON MOTION FOR PROTECTIVE ORDER
Discovery Objections
The Objections to Production Requests 1, 3, 4, 5, 8, 10b, 14, 34, 35 and 46, and to Interrogatory 19 are OVERRULED.
The Objections to Production Requests 11, 12, 13, 15 (with the exception of executed leases and licenses), 16, 17, 18, 22, 27, 28, and 29, and to Interrogatory 18 are SUSTAINED.
It is not the court's intention to require the production of information protected by the attorney-client privilege or the attorney work-product privilege. However, the plaintiff's request for the filing of a privilege log with respect to all documents as to which the defendant claims a privilege, except written communications between defendant and its trial counsel after commencement of this action and the work product material created after commencement of this action, is CT Page 4010 reasonable. In addition to the items requested by the plaintiff to be included in the privilege log, Shell should also identify which privilege it asserts.
 "In Connecticut, the attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice." Metropolitan Life Ins. Co. v. Aetna Casualty Surety Co., [249 Conn. 36, 730 A.2d 51 (1999)], 52. The privilege fosters "`full and frank communications between attorneys and their clients and thereby promote[s] the broader public interests in the observation of law and [the] administration of justice.'" Id., 52, quoting Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).
 As a general rule, "[c]ommunications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice." State v. Gordon, 197 Conn. 413, 423, 504 A.2d 1020 (1985). "A communication from attorney to client solely regarding a matter of fact would not ordinarily be privileged, unless it were shown to be inextricably linked to the giving of legal advice." Ullmann v. State, 230 Conn. 698, 713, 647 A.2d 324 (1994). Moreover, although we have acknowledged that "statements made in the presence of a third party are usually not privileged because there is then no reasonable expectation of confidentiality"; State v. Cascone, 195 Conn. 183, 186, 487 A.2d 186 (1985);see also State v. Colton, 174 Conn. 135, 138-39, 384 A.2d 343 (1977).
Olson v. Accessory Controls Equipment Corp., 254 Conn. 145, 157, 158,___ A.2d ___ (2000).
Since the attorney-client privilege has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose. Accordingly it protects only those disclosures necessary to obtain informed legal advice. Fisher v. United States,425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); Ullmann v.State, 230 Conn. 698, 713, 647 A.2d 324 (1994); Shew v. Freedom of Inf.Com., 44 Conn. App. 611, 619, 691 A.2d 29 (1997). CT Page 4011
The defendant should be cognizant of the law of Connecticut concerning attorney-client privilege. In its Response to the plaintiff's Request for Ruling on Objections, Shell has stated with respect to Production Request 46, that all communications with Texaco were made through Shell's counsel. Unless Shell's counsel was also acting as Texaco's counsel at the time he or she made the relevant communications, the communications would not be protected by the attorney-client privilege and would not be protected by the work-product privilege absent some nexus between Texaco and this lawsuit.
Motion for Protective Order
Shell has filed a Motion for Protective Order concerning a series of depositions of deponents who are presently or formerly employed by Shell. The plaintiff's counsel is flying to Houston at the request of the defendant because Shell's headquarters is located in Houston. The taking of the depositions in Houston is much more convenient for the deponents than it is for the plaintiff's counsel. However, apparently it is not convenient enough because Shell wants this court to order that the depositions take place not at the firm of the plaintiff's counsel's choice, but instead, at Shell headquarters. The deposition locale designated by the plaintiff is fifteen minutes from Shell headquarters. The plaintiff's counsel is undertaking the expense and inconvenience of flying to Houston, Texas from Connecticut and, therefore, should at least be able to take the depositions at the locale of his choice. This particular ground for Shell's Motion for Protective Order evidences a type of lack of civility to fellow counsel which is lamentable. Insofar as the Motion for Protective Order seeks to change the location of the depositions to Shell headquarters, the MOTION IS DENIED.
As to the remainder of the Motion for Protective order, insofar as the Motion pertains to Shell's Objections to the Requests for Production and Interrogatories which the court has sustained above, the MOTION IS GRANTED. Insofar as the Motion pertains to Shell's Objections to the Requests for Production and Interrogatories which the court has overruled above, the MOTION IS DENIED
By the court,
Aurigemma, J.