## VIRGINIA ZANDRI
### vs.
## HERMAN TENDLER, ET AL.

Superior Court     New Haven County     File #48658

Present: Hon. ARTHUR F. ELLS, Judge.

Samuel M. Gordon,     Attorney for the Plaintiff.

Nathan A. Resnik,     Attorney for the Defendants.

**MEMORANDUM FILED JULY 3, 1936.**     123 Conn. 117

ELLS, J. This plaintiff had a second mortgage on land of Herman Tendler and lost it because she did not redeem upon foreclosure in 1931 by The Second National Bank, Trustee. The Bank had complete ownership and title until

1934, when Tendler enlisted the aid of the H.O.L.C. to recover the foreclosed property. As part of the same transaction, and on the same day, the Bank quitclaimed to Tendler, he quitclaimed to his wife, and both executed a purchase-money mortgage to H.O.L.C. Shortly thereafter this plaintiff sued husband and wife on the original second mortgage note; Tendler on his note obligation, and Mrs. Tendler on a claim of fraudulent transfer. She got a judgment against Tendler alone, and then brought this suit, claiming that her second mortgage, foreclosed in 1931, had been revived and had now become a first mortgage,—prior to the H.O.L.C. mortgage.

The issue thus raised is interesting and important, particularly because it has never been decided by our courts.

The equity and justice of the situation are so overwhelmingly in favor of H.O.L.C. that I am tempted to decide it on that basis alone. As a general proposition, what is right and fair and just is law,—but the law of mortgages is technical and sometimes harsh, and therefore I must examine it with care.

The effect of the foreclosure was to completely divest all interest in the land held by Tendler and this plaintiff. They had their day in Court and did not redeem. All that remained in this plaintiff was her right to sue Tendler on his note, which she did,—and she has her judgment. The Bank had full and complete title, free from her lien, and could dispose of the property as it saw fit. A purchaser took what the bank had. This purchaser had not committed any fraud or done any act which might preclude him from reacquiring the property without this mortgage reviving.

I think the weight of authority is against a revival of this mortgage.

The argument to the contrary is that a title subsequently acquired by a mortgagor inures to the benefit of his mortgagees by virtue of a covenant of warranty in his mortgage. Here Tendler covenanted that it was free from encumbrance . . . . except as aforesaid (first mortgage) and . . . . to warrant and defend the above granted premises. He did not warrant it to be free from the first mortgage lien, later foreclosed. The warranty was limited to what was actually conveyed,— the property subject to the $15,000 mortgage. The second

mortgage deed conveyed a restricted interest, the equity of redemption, now lost by foreclosure.

The gist of defendant's argument,—and there is logic in it—is that Tendler mortgaged his land first to secure a first mortgage, then a second mortgage; that upon reacquiring the same land with the first mortgage gone, the second one revives.

It was undoubtedly the intention of the mortgagor to convey this land to the plaintiff subject to the first mortgage. He clearly stated its existence, and covenanted that the land was free from encumbrance, "except as aforesaid". Of course a careful conveyancer would have put in another "except as aforesaid" after the next clause, the Warrantee one, and we would not have this troublesome question to decide.

But assuming it revives, does it do so against a purchase-money mortgage? (The demurrer admits that it is a purchase-money mortgage.) Our Court has held, **Joseph vs. Donovan, 116 Conn. 160,** that the title passes through the borrower uneffected by the lien of judgment against the borrower, which would have attached, had the title remained in him . . . . the principle is . . . . to protect a third party who advances the amount necessary to pay the purchase price.

"The title to the land does not for a single moment rest in the borrower, but merely passes through his hands and without stopping vests in the mortgagee and during such instantaneous passage no lien of any character can attach to the title. **19 R.C.L. 416.**

The New York Court terms the result which the plaintiff here strives for "a flagrant injustice". To make the second mortgage over into a first mortgage at the expense of the very person who furnished the money for the revival "would be wrong".

"The previous . . . . mortgage may be good between the parties, and may cover the after acquired title, except against a mortgage given simultaneously". **Jones on Mortgages, Sec. 840.**

The demurrer is overruled.