[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PLAINTIFF'S MOTION FOR JUDGMENT (#128)
The Middlebury Planning and Zoning Commission has filed a Return of Record which does not include a transcript of the public hearing held on June 18, 1987.
The plaintiff in the present case has moved for a judgment sustaining his appeal, primarily relying on London v. Zoning Board of Appeals, 150 Conn. 411 (1963). In London, the recording machine failed to operate and the return of record noted that no transcript was available. The trial court allowed defendants to introduce additional evidence. On appeal, it was held that Public Acts 1959, No. 460, Section 1 was intended to make it mandatory for zoning commissions and zoning boards of appeal to produce a transcript in all cases on appeal. The court reasoned that, by striking from the existing statute the provision allowing additional evidence, the legislature was removing any alternate to a verbatim transcript, id, p. 416. An aggrieved person was thereby able to render the board's action voidable by a proper appeal. Prior to the 1959 amendment, the record on appeal could be enhanced by the introduction of additional evidence if a stenographic report or a complete mechanical recording was missing, (Section 379d Conn. Sup. 1955).
The stricken section of statute was restored by the legislature when it passed Public Act 45, 1963 Public Acts, which was discussed at length in Chucta v. Planning and Zoning Commission of the Town of Seymour, 154 Conn. 393 (1967). Chucta's return of record contained a partial transcript. The court pointed out, at p. 397, that the plaintiffs had the right to produce any relevant evidence to support their allegations since the record did not contain a complete transcript.
In the more recent case of Nick v. Planning Zoning Commission of the Town of East Hampton, 6 Conn. App. 110 (1986), a lengthy footnote at p. 111 addressed the trial court's reliance on the London case as erroneous, citing Chucta as its authority.
The plaintiff next cites Wagner v. Zoning Board of Appeals,153 Conn. 713 (1965) claiming, quoting from plaintiff's brief:
 ". . . the Supreme Court upheld without comment, the lower court's holding that a zoning board of appeal's failure to comply with the requirements of CT Page 3527
 Connecticut General Statutes Section 8-7a rendered the action of the board voidable at the option of the plaintiffs." (emphasis added)
This is incorrect. The Per Curiam decision states:
 "From the judgment the board has appealed, assigning as the sole error that the court erred in ruling that the failure of the board to comply with the requirements of Section 8-7a of the General Statutes rendered the action of the board voidable at the option of the plaintiffs." (emphasis added)
It then comments, at p. 714:
 "On the record before us we find it impossible to decide the merits of this appeal. There was no finding. The record does not even show that the court made the ruling which is assigned as error". (emphasis added)
Nothing was upheld.
The plaintiff next cites Nick v. Planning Zoning Commission, 1 CSCR 745 (1986) which does not cite any case law.
The plaintiff also refers to Booker v. Planning Zoning Commission, (Maloney, J.), 4 CSCR 126 (1988) which discussed and distinguished London. No reference was made to the Chucta case.
Astrid Johnson et al v. Madison Zoning Board of Appeals, New Haven J.D. No. 29 50 82 (Freedman, J.), 2 CTLR 261 (September 24, 1990 issue) did not contain a transcript of the public hearing as required by Section 8-7a, Connecticut General Statutes. The plaintiffs moved to introduce additional evidence which was granted.
To claim that London is still viable is to deny the existence of the case of Lathrop v. Planning and Zoning Commission of Trumbull, 164 Conn. 215 (1973) which dealt with missing exhibits. The plaintiffs claimed the record was incomplete and the action of the board therefore voidable. The court, at pp. 219-221, reviewed Section 8-8, Connecticut General Statutes and noted that:
 "The London case interpreted Section 8-8
in its 1959 form, Public Acts 1959, No. CT Page 3528 460."; (emphasis added).
Then it stated:
 "The 1959 version of Section 8-8
interpreted in the London case, supra, was revised in 1963 by Public Act No. 45 and now contains language permitting the introduction of evidence `if the record does not contain a complete transcript of the entire proceedings before said board, including all evidence presented to it pursuant to section 8-7a.'"
And further noted:
 ". . . the 1963 version of Section 8-8
similarly allows evidence to be taken if the record does not contain a complete transcript of the proceedings."
The London decision interpreted a version of the statute which was subsequently revised. The foundation supporting the London holding was thereby removed. The 1963 restoration of the pre 1959 version of the statute eliminated an aggrieved person's ability to render the board's action voidable because of the lack of a verbatim transcript.
Section 8-8 (f) allows additional evidence if the record does not contain a complete transcript of the entire proceedings before the board.
The plaintiff's motion for judgment is denied.
HARRIGAN, J.