[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Stephen I. Small for plaintiff.
Tyler Cooper Alcorn for defendant.
FACTS
On December 1, 1993 the defendant NCC-East, Inc. filed a petition to amend the Orange Zoning Map. The Orange Planning and Zoning Commission held a hearing in January 1994. At that hearing the defendant NCC-East submitted a traffic analysis report prepared by Barakos Landino Design Group which detailed the increased traffic development which would result from a change in zones classification to allow retail development.
On January 18, 1994 the Commission voted to amend the Orange Zoning map pursuant to petitioner's request. On February 8, 1994 the plaintiffs Arnold C. Castracane and Margaret Castracane filed CT Page 11214 this appeal.
It is clear that prior to the zone change the Commission published notice of the proposal as required by § 8-3 of the Connecticut General Statutes. It is also clear that the Commission did not give notice to the Town of West Haven nor did it give notice to individuals including the individual plaintiffs herein.
AGGRIEVEMENT
The plaintiffs submitted uncontradicted evidence that they are the owners of 48-50 Boston Post Road, Orange, Connecticut which is the abutting property to the property subject to the zone change. Accordingly, the court finds that the plaintiffs are statutorily aggrieved.
PLAINTIFFS' CLAIMS
The plaintiffs claim that the zone change is illegal and an abusive discretion for the following reasons:
 1. No reasons are given for the change pursuant to § 8-3(c).
 2. No findings of conformity to the Plan of Development are made as required by § 8-3a.
 3. The Commission failed to give notice to the adjoining municipality West Haven and to the individual property owners.
 4. The Commission had predetermined the result.
5. The notice was defective.
DISCUSSION
The General Statutes mandate that a zoning commission publish notice of the proposed zone change. Failure to publish in accordance with the statute is a jurisdictional defect depriving the commission of jurisdiction. Jarvis Acres Inc. v. ZoningCommission, 163 Conn. 41, 44 (1972). However the failure to give CT Page 11215 personal notice to a specific individual is not a jurisdictional defect. Sachem's Head Association v. Lufkin, 168 Conn. 365 (1975).
In the instant case the court can find no requirement that notice be given to individuals. Initially in the appeal, the plaintiffs claimed a violation of § 4.3.2 of the local regulations. However, as pointed out by the defendants at argument and virtually conceded by the plaintiffs, this section concerns the zoning board of appeals and has no application to hearings before the town planning and zoning commission.
The plaintiffs also claim as error the failure to give notice to West Haven pursuant to § 8-3h of the General Statutes. That section requires the Commission to notify the clerk of any adjoining municipality of the pendency of any application or permit when:
 1. Any portion of the property affected by a decision of such zoning commission is within 500 feet of the boundary of the adjoining municipality.
 2. A significant portion of the traffic to the completed project on the site will use streets within the adjoining municipality to enter or exit the site.
 3. A significant portion of the sewer water drainage from the project on the site will flow through and significantly impact the drainage or sewer system within the adjoining municipality or,
 4. Water runoff from the improved site will impact streets or other municipal or private property within the adjoining municipality.
The defendant argues that § 8-3h applies only to projects and not to zone changes in general. The plaintiff argues that the section applies to the facts before the court. This court sees no reason to decide whether § 8-3h is applicable to the present CT Page 11216 situation. It is clear that failure to give notice to the municipality may be raised only by the municipality and may not be raised by the individual plaintiff. The Supreme Court has held inLauer v. Zoning Commission, 220 Conn. 455, 462, 463 (1991) as follows:
 "The reasoning in Schwartz is applicable to the present case. The notice requirement of § 8-3h was designed to give a town the opportunity to express its views about zoning actions contemplated by a neighboring town. It was not designed to give constructive notice to the general public."
The plaintiffs next claim that the notice given pursuant to § 8-3(a) was defectively misleading. The plaintiffs argue that the notice does not clearly identify the owner and the applicant.
A notice is proper under our law if it fairly and sufficiently apprises the public of the action proposed and not all flaws are fatal so long as the notice is not misleading. Sylvester Cocivi v.Planning and Zoning Commission of Fairfield, 20 Conn. App. 705, 708
(1990). In the instant case the notice gives the public adequate warning of what is being considered. It is not misleading and it is not defective under the guidelines laid down by the Appellate Court.
Finally and most importantly, the plaintiffs complain of a failure to find reasons pursuant to § 8-3(c) and a failure to make findings pursuant to § 8-3a. The Commission's alleged failure to make findings was the argument most strenuously pursued by the plaintiffs at oral argument. Section 8-3(c) dealing with changes in the zoning regulations contains the following language:
 "Whenever such commission makes any change in a regulation or boundary it shall state upon its records the reason why such change is made."
It has long been recognized in Connecticut that the failure to state reasons is not a jurisdictional defect in a zone change but simply requires the court to examine the record to find whether there are sufficient reasons in the record. The Supreme Court held in Parks v. Planning and Zoning Commission, 178 Conn. 657, 662
(1979): CT Page 11217
 "If any reason culled from the record demonstrates a real or reasonable relationship to the general welfare of the community the decision of the commission should be upheld."
While the plaintiffs engage in a token attack upon the Commission's alleged failure to find reasons under § 8-3(c), the plaintiffs reserve their primary claim for an alleged failure to follow the requirements of § 8-3a. That section provides:
 "In any municipality which has a combined planning and zoning commission operating under the general statutes or any special act, the commission shall state on the record its findings on consistency of the proposed zoning regulation or boundaries or changes thereof with the plan of development of the municipality."
The plaintiffs claim that while the failure to state reasons may not be fatal, the failure to make the necessary findings of consistency with the plan of development is fatal. Neither side appears to cite, and the court cannot find, a case which specifically deals with the failure to make findings under § 8-3a
rather than the failure to state reasons under § 8-3(c). Nevertheless, since the language of the two sections is virtually identical, the court sees no reason that it should not cull the record for findings on the consistency of the proposed regulation in the same way that it would examine the record for reasons.
An examination of the record supports the conclusion that the change was in conformity with the plan of development of the municipality. The Orange plan acknowledged the characteristics of the Boston Post Road in its development into a commercial, retail corridor. Furthermore, the plan established an economic development area entitled "Retail-Commercial Service areas" consisting of "a line or portion along the Boston Post Road and generally servicing the public." (Return of Record No. 08). The Orange plan explicitly recognizes the commercial/retail development along Boston Post Road. The development of this parcel into a commercial/retail establishment is in greater conformity with the comprehensive than and the existence of this parcel as an industrial use. Moreover, the minutes of the Town Planning and Zoning Commission show the basis for the motion and its compliance CT Page 11218 with the comprehensive plan. (Return of Record No. 13).
The transcript of the public hearing contains a letter to the Commission from Mr. Fred Wolf, of the Economic Development Commission. That letter provided in pertinent part:
 "This change will bring the zone change to conform with the established retail use on the Boston Post Road. As this is the largest parcel on the Boston Post Road it is imperative that it conforms to retail use according to the Town Plan."
Finally the minutes of the public hearing contain the following motion:
 "A motion was made by Mr. Cuzzocreo and seconded by Mr. Paolini to approve the zone change as presented as it is in compliance with the Town Plan of Development. The motion was carried unanimously. . . ." Return of Record No. 13, at p. 05.
Accordingly, the court concludes that the reasons for the zone change and the findings concerning compliance with the town plan of development are reasonably supported by the record. In view of the motion by Mr. Cuzzocreo, the court is not persuaded that there is no finding of compliance with the town plan of development. The court is equally persuaded that failure to make findings of compliance with the town plan of development is no different from the failure to state reasons for a zone change. The court is equally free to examine the entire record of an administrative appeal in a land use matter whether it is searching for the reasons required by § 8-3(c) or for the findings required by § 8-3a. For the foregoing reasons, the action of the Orange Planning and Zoning Commission are affirmed and the appeal is dismissed.
The court by,
Kevin E. Booth, Judge