[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The plaintiff, Kathleen Macare, brings this appeal from a decision of the defendant Town of North Haven Planning and Zoning Commission, approving amendments to the North Haven Zoning Regulations.
The commission's action followed the submission of an application by Robert F. Johnson, North Haven's Land Use Administrator.
The application sought the elimination of § 4.1.4 of the regulations, and the amending of the language found in § 1.14 of the regulations.
Section 4.1.4 authorized: "The letting of rooms or furnishing of board by the resident of the premises to not more than four persons," as permitted use in Residence R District.
The amendment to § 1.14 of the regulations, proposed a change in the definition of "family," by reducing from seven to three the number of unrelated persons keeping house together, who could be considered a family.
The Land Use Administrator's proposed definition of "family" was:
A single person keeping house separately, or any number of individuals related by blood, marriage or adoption, living together as a single housekeeping unit, provided that a group of not more than THREE (seven) persons keeping house together any not necessarily related by blood or marriage, may be considered a family.
A public hearing was held on July 1, 2002. CT Page 3237
Notice of the public hearing was published in the New Haven Register
(ROR 12) on June 18, 2002 and June 25, 2002, in accordance with the time constraints imposed by § 8-3 (a)[1] of the General Statutes.
A copy of the notice, as required by § 8-3 (a),[2] C.G.S., was on file in the office of the North Haven Town Clerk (ROR 2) more than the mandated 10 days prior to the hearing.
Copies of the proposed changes were sent to the town clerks in each of the neighboring municipalities (ROR 6 to ROR 10), as well as to the Connecticut Department of Environmental Protection (DEP), and the South Central Regional Council of Governments (ROR 4 5).
The legal notice announcing the public hearing listed the date, time and place of the meeting: "Monday, July 1, 2002, at the Parks Recreation Center on Linsley Street in Room #2 at 7:30 p.m."
The notice went on to provide:
4. #PO 2-38 Application of Robert F. Johnson, Land Use Administrator for the Planning and Zoning Commission of the Town of North Haven, to amend Section 1.14 and eliminate Section 4.1.4 of the North Haven Zoning Regulations. The proposed amendments are on file in the Land Use Office and the Town Clerk's Office.
At the public hearing, the North Haven town attorney advocated adoption of the amendments, based upon his claim that North Haven was beginning to experience homes being used as rental units for large numbers of people (ROR 17, p. 2).
He argued that a regulation permitting seven unrelated individuals to qualify as a family is "generous" when compared to surrounding municipalities (ROR 17, p. 3).
He also stated that the changes in the regulations would prevent creation of a "college dormitory type situation," in a residential setting where the use is not appropriate (ROR 17, p. 5-7).
Traffic problems inherent in the parking of large numbers of vehicles in a residential zone were also mentioned.
Following the hearing the commission voted, 5-0, (ROR 16, p. 11), to approve the amendments as presented.
The commission failed to state reasons for its action. CT Page 3238
The plaintiff, in her appeal, challenges only the elimination of § 4.1.4, the portion of the change dealing with the letting of rooms.
However, she challenges the commission's action based on the alleged inadequacy of the public notice.
The failure of a land use agency to give proper notice constitutes a jurisdictional defect, Wright v. Zoning Board of Appeals, 174 Conn. 488,491 (1978), and the failure to give proper notice renders any action taken null and void. Nazarko v. Zoning Commission, 50 Conn. App. 517, 519
(1988).
Therefore, should the court determine that notice was inadequate, all actions taken by the commission would be considered null and void. JarvisAcres, Inc. v. Zoning Commission, 163 Conn. 41, 47 (1972).
 AGGRIEVEMENT
At trial, the parties stipulated that Kathleen Macare is the owner of 12 Van Rose Drive, North Haven (Exhibits 1 2), and she has been the owner throughout the time this appeal has been pending.
The parties further stipulated that her property is located in a Residence Zone, and that the plaintiff has a desire to rent rooms to others.
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307
(1991).
The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508 (1968).
Section 8-8 (a) (1) of the General Statutes defines an aggrieved person to mean one "owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the board."
The plaintiff claims to be aggrieved as the owner of a home, in an R-12 Residence District, who wishes to let rooms.
An individual demonstrates statutory aggrievement, through the ownership of land within the zone to which the amendment pertains. TimberTrails Corporation v. Planning Zoning Commission, 222 Conn. 374, CT Page 3239 376 n. 3 (1992); Cole v. Planning Zoning Commission,30 Conn. App. 511, 515 (1993).
The plaintiff's claim that she desires to let rooms to boarders might be pertinent to a claim of classical aggrievement.
However, she need not demonstrate classical aggrievement, because ownership of land in the affected zone, is sufficient to confer statutory aggrievement status. Lewis v. Planning Zoning Commission,62 Conn. App. 284, 297 (2001).
The plaintiff, as a statutorily aggrieved party need not demonstrate that she has sustained any injury, in order to ascertain whether a regulation is valid. Bombero v. Planning Zoning Commission,40 Conn. App. 75, 87-88 (1996).
It is found that the plaintiff, Kathleen Macare, is aggrieved by the action of the defendant Town of North Haven Planning and Zoning Commission, from which this appeal is taken.
 STANDARD OF REVIEW
When it acts to amend its regulations, a planning and zoning commission sits in a legislative capacity, rather than in an administrative or quasi-judicial capacity. D J Quarry Products, Inc. v. Planning Zoning Commission, 217 Conn. 447, 450 (1991).
It has broad discretion and is free to amend its regulations whenever time, experience, and reasonable planning for contemporary or future conditions reasonably indicates the need for a change. Kaufman v. ZoningCommission, 232 Conn. 122, 150 (1995).
When acting as a legislative body, a commission is the formulator of public policy, and its discretion is much broader than that of a board sitting in an administrative or quasi-judicial capacity. Malafronte v.Planning Zoning Board, 155 Conn. 205, 209 (1967).
Zoning must be sufficiently flexible to meet changing conditions, and a commission's action should not be disturbed by a court unless it has acted arbitrarily, or illegally. Burnham v. Planning ZoningCommission, 189 Conn. 261, 265 (1983).
Conclusions reached by the commission must be upheld, if they are supported by the records. The question is not whether a trial court would have reached the same conclusion, but whether the record before the CT Page 3240 agency supports the decision reached. Calandro v. Zoning Commission,176 Conn. 439, 440 (1979).
When a zoning commission, as required by statute,[3] has formally stated reasons for its action, a reviewing court should not go beyond the official collective statement, but should determine whether any of the assigned reasons are reasonably supported by the record. DeMaria v.Planning Zoning Commission, 159 Conn. 534, 541 (1970); Cybulski v.Planning Zoning Commission, 43 Conn. App. 105, 111 (1996).
However, where, as here, a commission has failed to state reasons for its action, a court is obligated to search the records, to determine whether there is substantial evidence to support the decision reached.Protect Hamden/North Haven from Excessive Traffic Pollution, Inc.v. Planning Zoning Commission, 220 Conn. 527, 544-45 (1991).
 PUBLIC HEARING WAS PROPERLY NOTICED BY THE COMMISSION
The plaintiff claims that the notice of the July 1, 2002 public hearing, published in The New Haven Register, was inadequate, and therefore the defendant Town of North Haven Planning and Zoning Commission had no jurisdiction to amend its regulations.
This claim is not persuasive.
Compliance with prescribed notice requirements is a prerequisite to valid action by a land use commission. Failure to give proper notice is a jurisdictional defect, and renders the action of the zoning authority null and void. R.B. Kent Son, Inc. v. Planning ZoningCommission, 21 Conn. App. 370, 378 (1990); Cocivi v. Planning Zoning Commission, 20 Conn. App. 705, 707 (1990).
A deficiency in the notice cannot be cured through proof of actual notice, or by the fact that members of the public appeared at the hearing. Peters v. Environmental Protection Board, 25 Conn. App. 164, 168
(1991).
The purpose of the notice required by General Statutes § 8-3 (a) is to fairly and sufficiently apprise those who may be affected by the proposed action, so as to enable them to prepare intelligently for the hearing. Edward Balf Co. v. East Granby, 152 Conn. 319, 325 (1965);Neuger v. Zoning Board, 145 Conn. 625, 630 (1958).
There is, however, no requirement that the published notice describe the proposed action in detail, or with exactitude. Welles v. EastCT Page 3241Windsor, 185 Conn. 556, 559 (1981); Woodburn v. Conservation Commission,37 Conn. App. 166, 178 (1995).
Although the language of § 8-3 (a) permits the publication of the proposed regulation or amendment "in full," it does not require the amendment to be set forth in the notice. Kleinsmith v. Planning Zoning Commission, 157 Conn. 303, 310 (1968).
The plaintiff acknowledges that the issue she raises concerning adequacy of notice was specifically addressed by the Connecticut Supreme Court in Passero v. Zoning Commission, 155 Conn. 303, 310
(1991).
In Passero, a proposed amendment to the Norwalk Zoning Ordinances was proposed, and a public hearing noticed.
The notice of hearing stated: "Section 15, paragraph 3 to be deleted in its entirety." The notice went on to state that copies of the proposed changes "have been filed in the Office of the City Clerk." Passero v.Zoning Commission, supra, 514-15.
The court held that the published notice was sufficient to fairly appraise the plaintiffs of the nature and character of the proposed action. Passero v. Zoning Commission, supra, 515.
The notice provided in this case mirrors the notice published inPassero.
Furthermore, there is no claim that the time limits for publication were not adhered to, or that the proposed changes were not on file in the office of the town clerk as required by law.
The public filing of a proposed amendment is relevant to any determination concerning the adequacy of notice. Woodburn v. ConservationCommission, supra, 378.
Although, as the plaintiff contends, greater specificity in the public notice might be desirable, consistent with the permissive language of § 8-3 (a), the notice in this case meets the statutory criteria, and conforms with Passero.
The defendant Town of North Haven Planning and Zoning Commission had jurisdiction to hear the application of Land Use Administrator Robert Johnson, and to amend its regulations following the close of the public hearing. CT Page 3242
 SPECIFIC REFERENCE TO PLAN OF DEVELOPMENT NOT REQUIRED
The plaintiff contends that the failure of the commission to reference the North Haven Town Plan of Development, in light of § 8-2 (a)[4]
of the General Statutes, is fatal to the adoption of the proposed amendments.
This argument is not well taken.
A master plan of conversation and development, adopted pursuant to § 8-23 of the General Statutes, represents the commission's recommendations for the most desirable use of land. Furtney v. ZoningCommission, 159 Conn. 585, 598 (1970); Mott's Realty Corporation v. TownPlan Zoning Commission, 152 Conn. 535, 538 (1965).
Although the plan of development is controlling as to municipal improvements and the regulation of subdivisions of land; Purtill v. TownPlan Zoning Commission, 146 Conn. 570, 572 (1959); Levinsky v.Zoning Commission, 144 Conn. 117, 123 (1956); the master plan does not control the zoning board in its enactment of zoning regulations, or changes of zone. Lathrop v. Planning Zoning Commission,164 Conn. 215, 223 (1973); Sheridan v. Planning Board, 159 Conn. 1, 9
(1969).
Because of the advisory nature of the town plan of conservation and development, the language in § 8-2 (a), C.G.S. requiring the commission to "consider" the plan is directory only, and a change in regulations is valid, if supported by substantial evidence in the record. Robert A. Fuller, Land use Law and Practice (second edition) § 4.4, p. 55 (1999).
A search of the record reveals substantial evidence in support of the commission's action.
Furthermore, the court believes that the failure of the commission to reference the plan of development permits a search of the record to determine whether a change is in conflict with the plan of conservation and development. Castracane v. Planning Zoning Commission,1994 Ct. Sup. 11213, 12 CLR 612 (Booth, J.).
An examination of the record supports the conclusion that the adopted amendments conform to the plan of conservation and development.
In addition, the record is bereft of any evidence suggesting that the CT Page 3243 commission members were not cognizant of the provision of the plan of conservation and development, when they were voting on the proposed amendments.
The town attorney, as the chief proponent of the amendments during the public hearing process, argued that repeal would preserve the residential character of areas set aside for single-family residences.
He further argued that passage of the amendments would foreclose the conversion of residences into student dormitories, or other incompatible uses.
Therefore, even assuming arguendo, that the 8-2 (a), C.G.S. language is mandatory, and the commission is obligated to "consider" the plan of conservation and development, a review of the record demonstrates that the amendments are in harmony with the plan of development.
 CONCLUSION
The appeal of the plaintiff, Kathleen Macare, is DISMISSED.
Radcliffe, J.